UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GUARD H. PEREZ, et al.,<br><br>    Defendants. | No. 1:19-cv-1447-DAD-JLT (PC)<br><br>**ORDER REFERRING THE CASE TO POST-SCREENING ADR PROJECT AND STAYING THE CASE FOR 90 DAYS**<br><br>**(Docs. 51, 53, 57, 67, 68)** |

When at least one defendant has been served and/or filed an answer, the Court is referring all post-screening, civil rights cases filed by pro se inmates to the Post-Screening Alternative Dispute Resolution Project to attempt to resolve cases more quickly and less expensively. No defenses or objections are waived by participation.

As set forth in the screening order, the Court has found the plaintiff has stated at least one cognizable civil rights claim. Thus, the Court **STAYS this action for 90 days** to allow the parties to investigate the plaintiff's claims, meet and confer and participate in a settlement conference.

There is a presumption that all post-screening civil rights cases assigned to the undersigned will proceed to settlement conference. However, if after investigating plaintiff's claims and speaking with plaintiff, and after conferring with defense counsel's supervisor, counsel finds in

good faith that a settlement conference would be a waste of resources,[1] defense counsel may move to opt out of this pilot project.

**Within 35 days**, defense attorney **SHALL** contact the Courtroom Deputy Clerk at SHall@caed.uscourts.gov, to schedule the settlement conference. If the settlement conference cannot be set quickly due to the court's calendar, the parties may seek an extension of the initial 90-day stay. Based upon the foregoing, the Court **ORDERS**:

1. **This action is STAYED for 90 days** to allow the parties an opportunity to settle their dispute before a responsive pleading is filed, or the discovery process begins. No other pleadings or other documents may be filed in this case during the stay. The parties **SHALL NOT** engage in formal discovery, but they may jointly agree to engage in informal discovery.

2. **Within 30 days from the date of this order**, the parties **SHALL** file the attached notice, indicating their agreement to proceed to an early settlement conference or whether they believe settlement is not achievable at this time.

3. **Within 35 days from the date of this order**, defense counsel **SHALL** contact this court's Courtroom Deputy Clerk at SHall@caed.uscourts.gov, to schedule the settlement conference;

4. If the parties settle their case during the stay of this action, they **SHALL** file a Notice of Settlement as required by Local Rule 160;

5. The Clerk of the Court **SHALL** serve via email, copies of: a. plaintiff's first amended complaint (Doc. 10), b. the screening orders (Doc. 38), and c. this order to ADR Coordinator Sujean Park;

////
////
////

---

[1] By way of guidance, if the defense intends to file an exhaustion motion and believes in good faith that it has a significant chance of success, this would be a likely circumstance where the opt-out provision should be employed.

6. Finally, in light of this order referring the case to the Post-Screening ADR Project, the following motions filed by plaintiff are denied without prejudice: (a) Motion to Prosecute Defendants (Doc. 51); (b) Motion to Compel Fresno County to Make Copies of Complaint (Doc. 53); (c) Motion to Compel Medical Records (Doc. 57); (d) Motion to Compel Defendants to the Circumstances of 2 Cases (Doc. 67); and (e) Motion to Court that Plaintiff's Injuries of Eardrum and Shoulder are Permanent (Doc. 68).

IT IS SO ORDERED.

Dated:   **December 6, 2020**                    /s/ Jennifer L. Thurston
                                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>GUARD H. PEREZ, et al.,<br><br>Defendants. | Case No. 1:19-cv-1447-DAD-JLT (PC)<br><br>**NOTICE REGARDING EARLY SETTLEMENT CONFERENCE** |

1. The party or counsel for the party signing below, agrees that there is a good chance that an early settlement conference will resolve this action and wishes to engage in an early settlement conference.

      Yes _____  No _____

2. The plaintiff (Check one):

      _____ Would like to participate in the settlement conference in person, OR

      _____ Would like to participate in the settlement conference by video conference.

Dated:

                                                                  _____
                                                                  Plaintiff or Counsel for Defendants