# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>GUARD H. PEREZ, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-1447-DAD-BAK-BAM (PC)<br><br>ORDER DENYING IN PART AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND PLEADING, (ECF No. 141)<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL, (ECF No. 142)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S REQUEST FOR RELIEF FROM OUTSTANDING DISCOVERY, (ECF No. 143); MOTION TO COMPEL RELEVANT EVIDENCE, (ECF No. 149); MOTION FOR A MEET AND CONFER, (ECF No. 151)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL, (ECF No. 154, 170); MOTIONS FOR EXTENSIONS OF TIME TO CONDUCT DISCOVERY, (ECF Nos. 157, 160); (DECLARATION) REQUEST TO CALL WITNESS, (ECF No. 167); MOTION FOR TELEPHONE OR VIDEO APPEARANCE, (ECF No. 170)<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE MOTION TO INFORM THE COURT, (ECF No. 144) |

Plaintiff Michael Hernandez Gonzalez ("Plaintiff") is a state prisoner/civil detainee

proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This action proceeds on Plaintiff's first amended complaint against Defendant Perez for excessive force and a failure-to-protect claim against Defendant Sharp. (ECF No. 10.) Plaintiff has filed several motions, which are addressed in turn below.

**I.      Plaintiff's Pending Motions**

      **1.    Motion for Extension of Time for Deadline to Amend Pleading**, (ECF No. 141)

Plaintiff seeks an extension of the September 22, 2021, deadline to amend pleadings. (*See* ECF No. 125.) Although the motion was signed on September 22, 2021, it was not docketed until September 27, 2021. In the discovery and scheduling order, the Court ordered: "A request for an extension of any deadline set in this order must be filed at least two weeks before it expires. The deadlines set forth above are firm and will only be extended upon a showing of good cause." (ECF No. 125 at 3.) Plaintiff belatedly filed the motion for an extension of time and has failed to show good cause for extending the deadline to amend pleadings. Therefore, Plaintiff's request for an extension of is DENIED.

Plaintiff also makes the following request: ". . . as to respond to admissions in request to interrogatories is in order within 30 days to court and Defendant(s) attorneys to meet deadline 9-9-21." (ECF No. 141 at 1.) The Court is unable to discern what Plaintiff is requesting. In its first information order in a prisoner/civil detainee civil rights case (ECF No. 2), the Court ordered: "If a response to discovery is found to be unsatisfactory, the party seeking discovery may file a motion to compel a further response and in that case must include a copy of the discovery propounded and the response to it." (*Id.* at ¶ V(E) (citing Fed. R. Civ. P. 37).) Because Plaintiff failed to comply with this order, this request is DENIED.

Additionally, Plaintiff requests library access at Substance Abuse Treatment Facility and State Prison at Corcoran, California ("SATF-Cor"). (*Id.*) In a subsequent pleading, Plaintiff states that he will be able to go to the prison library. (ECF No. 142.) Thus, the request for library access is DENIED AS MOOT.

      **2.     Motion for Appointment of Counsel**, (ECF No. 142)

Plaintiff filed a one-page pleading that is unsigned and therefore fails to comply with Rule 11(a). *See* Fed. R. Civ. P. 11(a); E.D. Cal. R. 131(b). Even under a liberal construction, the

2

Court finds that the only relief sought by Plaintiff is the appointment of counsel "to settle this lawsuit." (ECF No. 142.)

Plaintiff has filed numerous motions to appoint counsel. (*See* ECF Nos. 4, 17, 19, 21, 22, 26, 31, 78, 80, 96, 114.) The Court denied each of these motions. (*See* ECF Nos. 29, 42, 110, 126.) By the instant motion, Plaintiff fails to allege any change in circumstances that would warrant counsel. He has filed oppositions to Defendants' motion for summary judgment, which is currently under advisement.[1] (*See* ECF Nos. 165, 166.) The Court DENIES WITHOUT PREJUDICE Plaintiff's request for court-appointed counsel. (ECF No. 142.) Any future request(s) for counsel must allege exceptional circumstances to warrant the Court's assistance in obtaining counsel. (*See* ECF No. 156.) Moreover, Plaintiff is again cautioned that filing duplicative pleadings wastes the Court's limited resources and may subject Plaintiff to sanctions.

### 3. Request for Relief from Outstanding Discovery, (ECF No. 143)

Plaintiff appears to request additional time to respond to interrogatories and request for admissions propounded by Defendants. As grounds, Plaintiff states that he needs seven to ten days due to his transfers from Fresno County Jail to North Kern State Prison to SATF-Cor. Defendants did not oppose this request or file a motion to compel responses to this discovery. Therefore, Plaintiff's request for relief from outstanding discovery is DENIED AS MOOT.

### 4. Motion to Inform the Court, (ECF No. 144)

Although Plaintiff captioned this pleading as a motion, he has requested no relief. Instead, Plaintiff asserts that Classification Sgt. R. Uzzura has knowledge relevant to Plaintiff's claims. This motion is to be terminated without ruling.

### 5. Motion to Compel Relevant Evidence, (ECF No. 149)

By this motion, Plaintiff seeks an order compelling the production of documents and other evidence, including the following: Plaintiff's C-file through Sgt. Ruzzura in the Fresno County Jail Classification Department; hospital, doctors, and jail documents and reports, including critical incident reports; video and photographs; and x-rays.

---

[1] The Court does not address the merits of the motion for summary judgment or Plaintiff's responses in opposition.

3

Defendants filed a response indicating that they will provide documents within the County's possession.  (ECF No. 153.)  Accordingly, Plaintiff's motion to compel is DENIED AS MOOT.

**6.     Motion for a Meet and Confer**, (ECF No. 151)

Plaintiff seeks a meet and confer with defense counsel in order to discuss the request for documents addressed in Plaintiff's motion to compel relevant evidence.  Because Defendants have agreed to produce responsive documents, the motion for a meet and confer is DENIED AS MOOT.

**7.     Motion to Compel**, (ECF Nos. 154, 170)

Plaintiff again requests medical, jail, and hospital record and reports of injuries.  Because Defendants have agreed to provide responsive documents in their control, this request is moot. Plaintiff also complains about transportation to medical appointments outside of Fresno County Jail.  However, this claim is not raised by Plaintiff in his first amended complaint.  Therefore, to the extent that Plaintiff requests the court to assist with transportation, the request is DENIED.

Although Plaintiff indicates he has served on Defendants' attorney requests for admissions and interrogatories, the Plaintiff seeks the production of documents and the "names, titles, and duties of all staff members at Fresno County Jail [who have the] responsibility [of] responding to, investigating, or deciding [Plaintiff's] grievances and medical care."  (ECF No. 154 at 2.)  Plaintiff further states: "I'm asking the Court for production of documents from the defendants place of work, Fresno County Jail, set forth in job description as guards duties."  (*Id.*)

In its first information order in a prisoner/civil detainee civil rights case (ECF No. 2), the Court ordered:  "If a response to discovery is found to be unsatisfactory, the party seeking discovery may file a motion to compel a further response and in that case must include a copy of the discovery propounded and the response to it."  (*Id.* at ¶ V(E) (citing Fed. R. Civ. P. 37).)  Because Plaintiff failed to comply with this order, the Court is unable to assess the appropriateness of his requests for production.  Therefore, this aspect of Plaintiff's motion to compel (ECF No. 154) is DENIED.[2]

---

[2] Defendants are cautioned that they must comply with Rules 33 (interrogatories), 34 (production

4

1   By his most recent motion to compel, Plaintiff seeks an order compelling Defendants to
2   respond to Plaintiff's request for production of medical records. (ECF No. 170.) Plaintiff
3   indicates that this request has been pending for six months. Plaintiff does not explain why he did
4   not seek to compel these records prior to the expiration of the discovery period. Given the
5   untimeliness of the motion, it is also DENIED.

**8.    Motions for Extensions of Time to Conduct Discovery**, (ECF Nos. 157, 160)

By his first motion, Plaintiff seeks an extension of time because he propounded requests for admissions and interrogatories on December 1, 2021. Defendants filed a response in opposition to Plaintiff's motion for an extension of time. (ECF No. 158.) In the discovery and scheduling order, the Court established a discovery cut-off date of October 25, 2021. (ECF No. 125.) The Court ordered: "A request for an extension of any deadline set in this order must be filed at least two weeks before it expires. The deadlines set forth above are firm and will only be extended upon a showing of good cause." (*Id.* at 3.) The Court's first informational order provides: "Absent good cause, all Court deadlines are strictly enforced. Requests for time extensions must be filed before the deadline expires and must state good reason for the request." (ECF No. 2 at 5.)

Plaintiff again belatedly filed the motion for an extension of time and has failed to show good cause for extending the deadline to complete discovery. (ECF No. 160.) Therefore, Plaintiff's request for an extension of time is DENIED.

**9.    Motion for an Extension of Time to Propound Written Discovery**, (ECF No. 160)

Plaintiff submitted his motion on December 18, 2021, far beyond the October 25, 2021, discovery deadline. For the reasons stated above, Plaintiff's motion for an extension of time is DENIED.

---

of documents), and 36 (admissions). Fed. R. Civ. P. 33. Failure to respond in good faith subjects them to motions to compel under Rule 37. Fed. R. Civ. P. 37. Moreover, Defendants' failure to file a timely opposition may be construed as a non-opposition to the motion to compel. E.D. Cal. R. 230(c). Due to the deficiencies in Plaintiff's motion to compel, the Court is able to make a ruling without the benefit of a response from Defendants in this instance.

5

**10.     (Declaration) Request to Call Witness**, (ECF No. 167)

The Court construes Plaintiff's declaration as a motion to call as witnesses Classification Sgt. R. Uzzura and Licensed Marriage and Family Therapist Lucila Bravo at the February 15, 2022, hearing on the pending motion for summary judgment. However, on January 11, 2022, the Court entered a minute order vacated the hearing (ECF No. 164), and in prisoner cases, motions for summary judgment are decided on the record without oral argument. E.D. Cal. R. 230(*l*); (ECF No. 2 at ¶ VI).

Accordingly, the motion to call witnesses is DENIED AS MOOT.[3] However, the Court grants Plaintiff leave to supplement his opposition to summary judgment with sworn statements from these witnesses within thirty (30) days from the date of service of this order. Should Plaintiff elect to file these statements in support of his opposition to summary judgment, within seven (7) days from the date of Plaintiff's filing, Defendants may file a supplemental reply brief addressing these witnesses' contention. Should Plaintiff elect not to supplement the record within thirty (30) days, Defendants' motion for summary judgment will be deemed submitted and taken under advisement.

**11.     Motion for Telephone or Video Appearance**, (ECF No. 170)

Plaintiff seeks assistance with phone or video appearance and calling witnesses at the February 15, 2022, hearing on the pending motion for summary judgment. However, as previously advised, the hearing has been canceled. (*See* ECF No. 164.) Therefore, this motion is DENIED AS MOOT.

**12.     Admonition to Plaintiff to Comply with Court Orders**

By the Court's instant order, the Court rules on approximately 10 motions brought by Plaintiff, most of which are non-meritorious and fail to comply with this Court's discovery and scheduling order. Plaintiff is cautioned against filing additional baseless motions, needlessly multiplying the proceedings, and wasting judicial resources. *See* E.D. Cal. R. 110 ("Failure of

---

[3] Plaintiff has also requested assistance with subpoenaing witnesses to testify at the summary judgment hearing and with appearing at the hearing by phone or video. (ECF No. 168.) Because the Court has vacated the hearing pursuant to local rule, this request is DENIED AS MOOT.

counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) ("Failure to follow a district court's local rules is a proper ground for dismissal"), *cert. denied*, 516 U.S. 838 (1995); *Delange v. Dutra Constr. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam) (district courts enjoy "broad discretion in interpreting and applying their local rules"). Individuals proceeding *in propria persona* are bound by the Court's Local Rules just the same as licensed attorneys. *See* E.D. Cal. R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.").

On May 27, 2021, the Court ordered "Plaintiff to stop filing duplicative, failed motions. The practice burdens the docket and interferes with its ability to consider pending matters. **Failure to comply with this order may result in the imposition of sanctions.**" (ECF No. 128 (alteration in original).) On August 9, 2021, this Court again cautioned Plaintiff: "**The Court again ORDERS Plaintiff to stop filing duplicative motions. (*See* Doc. 128.) The practice burdens the docket and interferes with its ability to consider pending matters. Failure to comply with this order may result in the imposition of sanctions.**" (ECF No. 136.)

This is the final warning for Plaintiff to cease filing motions that do not comply with the Local Rules and court orders. Discovery closed on October 25, 2021, and any outstanding discovery issues are resolved by this Order. Defendants' Motion for Summary Judgment is fully briefed and is currently under advisement. Therefore, any additional submissions related to summary judgment, including Plaintiff's declaration filed on February 1, 2022, (ECF No. 172), is untimely and will not be considered by the Court. If Plaintiff fails to comply with this Order by filing duplicative and non-meritorious motions, or by continuing to file pleadings and evidence related to summary judgment, this Court will recommend the dismissal of this action promptly and without further notice to the parties.

///

**II.     Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Motion for Extension of Time for Deadline to Amend Pleading, (ECF No. 141), is DENIED in part and DENIED AS MOOT in part;
2. (Notice) Motion for Appointment of Counsel, (ECF No.142), is DENIED WITHOUT PREJUDICE;
3. Request for Relief from Outstanding Discovery, (ECF No. 143), is DENIED AS MOOT;
4. Motion to Compel Relevant Evidence, (ECF No. 149), is DENIED AS MOOT;
5. Motion for a Meet and Confer, (ECF No. 151), is DENIED AS MOOT.
6. Motions to Compel, (ECF Nos. 154, 171), are DENIED;
7. Motions for Extensions of Time to Conduct Discovery, (ECF Nos. 157, 160), are DENIED;
8. (Declaration) Request to Call Witness, (ECF No. 167), is DENIED AS MOOT; and
9. Motion for Telephone or Video Appearance, (ECF No. 170), is DENIED AS MOOT.
10. The Clerk of Court is directed to terminate Motion to Inform the Court, (ECF No. 144).

IT IS SO ORDERED.

Dated:  **February 2, 2022**          /s/ *Barbara A. McAuliffe*  
                                                 UNITED STATES MAGISTRATE JUDGE