1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL HERNANDEZ GONZALEZ,          Case No. 1:19-cv-1447-DAD-BAK (BAM) (PC)

12            Plaintiff,                 FINDINGS AND RECOMMENDATIONS TO
                                         DISMISS ACTION FOR FAILURE TO
13       v.                              COMPLY WITH LOCAL RULES AND
                                         COURT ORDERS
14  GUARD H. PEREZ, *et al.*,

15            Defendants.                **FOURTEEN (14) DAY DEADLINE**

16

17         Plaintiff Michael Hernandez Gonzalez ("Plaintiff") is a state prisoner[1] proceeding *pro se*

18  and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on

19  Plaintiff's first amended complaint against Defendant Perez for excessive force and a failure-to-

20  protect claim against Defendant Sharp.  (ECF No. 10.)  Defendants have filed a motion for

21  summary judgment, which was taken under submission.[2]  (ECF No. 169.)  On February 3, 2022,

22  this Court entered an Order addressing multiple motions filed by Plaintiff and admonished

23  Plaintiff against filing duplicative, failed motions; discovery motions; and frivolous pleadings

24  related to summary judgment.  (ECF No. 173.)  Despite repeated warnings, Plaintiff has failed to

25  comply with the Local Rules and previous court orders.  Because Plaintiff is undeterred and

26  _____

27  [1]Plaintiff is currently housed a California State Prison, Corcoran.  At times relevant to this action, Plaintiff was a
    pretrial detainee at Fresno County Jail.

28  [2]In response to Defendants' motion for summary judgment, Plaintiff filed three responses in opposition.  (ECF Nos.
    163, 165, 166.)  Plaintiff's second and third responses are identical.  Defendants filed a reply.  (ECF No. 169.)
    Plaintiff filed a "reply to Defendants [sic] opposition(s) to the motion for summary judgment . . . ."  (ECF No. 175.)

continues to file noncompliant motions, the Court recommends dismissal of this action with prejudice.

## I.      PRIOR ORDERS OF THE COURT

During the course of this litigation, Plaintiff has filed numerous motions for the appointment of counsel, motions to compel, and requests for consolidation with an unrelated, closed case.  Many of the motions were identical to or sought the same relief as motions previously denied by the Court.  Additionally, after Plaintiff filed responses to Defendants' motion for summary judgment and Defendants filed a reply, Plaintiff continued to file pleadings marginally related to summary judgment despite orders of the Court to cease such filings.

### A.      Orders Denying Plaintiff's Motions for Appointment of Counsel

On April 14, 2020, the Court entered an order denying six motions for the appointment of counsel, finding no exceptional circumstances for the Court to request the voluntary assistance of counsel.  (ECF No. 29, denying ECF Nos. 4, 17, 19, 21, 22, 26.)  Within three days, the Court received another motion seeking the appointment of counsel, which the Court denied.  (ECF No. 42, denying ECF No. 31.)  The Court also denied Plaintiff's request for a list of *pro bono* attorneys.  (ECF No. 43, denying ECF No. 12.)  On April 1, 2021, the Court denied three more motions for the appointment of counsel.  (ECF No. 110, denying ECF Nos. 78, 80, 96.)

On November 3, 2021, the Court issued an order denying Plaintiff's eleventh and twelfth motions for the appointment of counsel.  (ECF No. 156, denying ECF Nos. 148, 155.)  The Court cautioned Plaintiff that the filing duplicative pleadings may subject him to the imposition of sanctions.  (ECF No. 156.)

On February 3, 2022, the Court denied an earlier request for counsel.  (ECF No. 173, denying ECF No. 142.)  The Court again cautioned Plaintiff that filing duplicative pleadings wastes the Court's limited resources and may subject Plaintiff to sanctions.  (ECF No. 173.)  Nonetheless, on February 14 and March 21, 2022, Plaintiff filed two more motions for the appointment of counsel, which are currently pending.  (ECF Nos. 174, 180.)

///

///

2

**B.** **Orders Denying Plaintiff's Motions to Compel Discovery and Extensions of Time to Conduct Discovery**

In the discovery and scheduling order, the Court established a discovery cut-off date of October 25, 2021, and ordered: "A request for an extension of any deadline set in this order must be filed at least two weeks before it expires.  The deadlines set forth above are firm and will only be extended upon a showing of good cause." (ECF No. 125.)  The Court's first informational order provides:  "Absent good cause, all Court deadlines are strictly enforced.  Requests for time extensions must be filed before the deadline expires and must state good reason for the request." (ECF No. 2 at 5.)

Plaintiff filed numerous unmeritorious motions to compel.  With respect to Plaintiff's motions to compel discovery,[3] the Court denied as moot motions to which Defendants did not object or indicated a willingness to produce the discovery requested.  (ECF No. 173, denying as moot ECF Nos. 143, 149, 153, 154 (in part).)  Plaintiff filed another motion to compel, seeking an order compelling Defendants to respond to Plaintiff's request for production of medical records that had been pending for six months.  (ECF No. 170.)  The Court denied the motion as untimely because Plaintiff failed to explain why he did not seek to compel these records prior to the expiration of the discovery period.  (*Id.*)

Plaintiff also filed untimely motions for an extension of time to complete discovery. (ECF Nos. 157, 160.)  Plaintiff filed these motions in December 2021, past the October 25, 2021, discovery deadline set in the discovery and scheduling order.  (*See* ECF No. 125.)  The Court denied the motions and ordered:  "A request for an extension of any deadline set in this order must be filed at least two weeks before it expires.  The deadlines set forth above are firm and will only be extended upon a showing of good cause."  (ECF No. 173.)  The Court also referred to its first informational order, which provides, "Absent good cause, all Court deadlines are strictly enforced.  Requests for time extensions must be filed before the deadline expires and must state good reason for the request."  (*Id.*, quoting ECF No. 2 at 5.)  Unheeded by the Court's decisions, Plaintiff has filed yet another motion to compel, which is currently pending.  (ECF No. 182.)

---

[3] Plaintiff filed several motions to compel that are unrelated to discovery.  For example, Plaintiff repeatedly requested the Court to compel Defendants to settle this action.  (ECF Nos. 67, 69, 73); (*see also* ECF Nos. 30, 82.)

## C.     Orders Denying Motions to Consolidate

Plaintiff repeatedly filed motions to consolidate this case with an unrelated civil rights lawsuit filed in August 2015, *Michael Hernandez Gonzalez v. Fresno Sheriff's Department*, Case No. 1:15-cv-01200-BAM ("2015 case"), in which the parties consented to the exercise of the undersigned's Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).  The 2015 case was based on allegations concerning an incident that took place on October 20, 2012, while Plaintiff was a pretrial detainee housed at the Fresno County Jail.  The action proceeded on a Fourteenth Amendment claim asserted in Plaintiff's third amended complaint.  On December 7, 2018, the Court dismissed the action with prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

In the instant case, Plaintiff has repeatedly filed motions to consolidate this case with the 2015 case.  (ECF Nos. 11, 24, 122, 127.)  The Court denied the first two motions to consolidate based on its lack of authority to reopen the 2015 case for the purpose of consolidation.  (ECF No. 47, denying ECF Nos. 11, 24.)  Additionally, the Court found that the earlier case and the present case because the two cases did not involve a common question of law or fact.  (ECF No. 47 (citing Fed. R. Civ. P. 42(a).)  The Court entered another order denying a third motion to consolidate.  (ECF 126, denying ECF No. 122.)  Plaintiff filed a fourth motion to consolidate that was identical to the third, previously denied motion.  (ECF No. 127.)  The Court denied this motion and cautioned Plaintiff: "The Court ORDERS Plaintiff to stop filing duplicative, failed motions. The practice burdens the docket and interferes with its ability to consider pending matters. **<u>Failure to comply with this order may result in the imposition of sanctions.</u>**"  (ECF No. 128, denying ECF No. 127 (alteration in original).)

## D.     Admonition to Plaintiff to Comply with Court Orders

In its February 3, 2022, order, the Court determined that Plaintiff had filed numerous motions that were non-meritorious and in noncompliance with the discovery and scheduling order.  (ECF No... 173.)  The Court cautioned Plaintiff not to file "additional baseless motions, needlessly multiplying the proceedings, and wasting judicial resources.  (ECF No. 173.)  The Court referenced Local Rule 110, which provides that "[f]ailure of counsel or of a party to

comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." (*Id.*, quoting E.D. Cal. L.R. 110.)  The order concluded with the following admonishment:

> On May 27, 2021, the Court ordered "Plaintiff to stop filing duplicative, failed motions.  The practice burdens the docket and interferes with its ability to consider pending matters.  Failure to comply with this order may result in the imposition of sanctions."  (ECF No. 128 (alteration in original).)  On August 9, 2021, this Court again cautioned Plaintiff:  "The Court again ORDERS Plaintiff to stop filing duplicative motions. (*See* Doc. 128.) The practice burdens the docket and interferes with its ability to consider pending matters. Failure to comply with this order may result in the imposition of sanctions."  (ECF No. 136 [(alterations omitted)].)
> **This is the final warning for Plaintiff to cease filing motions that do not comply with the Local Rules and court orders.  Discovery closed on October 25, 2021, and any outstanding discovery issues are resolved by this Order.**  Defendants' Motion for Summary Judgment is fully briefed and is currently under advisement.  Therefore, any additional submissions related to summary judgment, including Plaintiff's declaration filed on February 1, 2022, (ECF No. 172), is untimely and will not be considered by the Court.  **If Plaintiff fails to comply with this Order by filing duplicative and non-meritorious motions, or by continuing to file pleadings and evidence related to summary judgment, this Court will recommend the dismissal of this action promptly and without further notice to the parties.**

(ECF No. 173 (emphasis added).)

## II.    DISCUSSION

### A.    Subsequent Pleadings

On February 14, 2022, Plaintiff filed a motion for appointment of counsel.  (ECF No. 174.)  On the same day, Plaintiff filed a "reply" to Defendants' motion for summary judgment. (ECF No. 175.)  On February 18, 2022, Plaintiff filed a pleading directed to the appointed magistrate judge requesting various relief:  arbitration settlement, consolidation of cases, an order compelling the production of discovery, appointment of counsel.  (ECF No. 176.)  The record does not indicate whether Plaintiff had received the Court's order and admonition of February 3, 2022, prior to filing these pleadings.  (*See* ECF No. 173.)

On February 18, 2022, Plaintiff filed two notices to the Court.  (ECF Nos. 177, 178.)  The first notice indicated that Plaintiff received the Court's order to cease filing duplicative motions.

1   (ECF No. 177.)  Plaintiff stated that he would stop filing duplicative motions, comply with the

2   order related to summary judgment, and more generally, that he could comply with orders.  (*Id.*)

3   The second notice indicated that he received the final warning, and Plaintiff stated that he would

4   fully comply with the Court's order to avoid the imposition of sanctions.  (ECF No. 178.)

5   Nonetheless, Plaintiff thereafter filed another motion for the appointment of counsel and a

6   motion to compel discovery.  (ECF Nos. 180, 181.)[4]

7          **B.     The Court's Sanction Authority**

8          This Court has the authority to sanction litigants who fail to comply with court orders.

9   Specifically, Rule 41(b) of the Federal Rules of Civil Procedure authorizes courts to dismiss an

10  action for failure to comply with a court order.  Although that rule appears to contemplate that

11  dismissal will be precipitated by a motion from the opposing party, a court may act *sua sponte*

12  under Rule 41(b).  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Pagtalunan v. Galaza*,

13  291 F.3d 639, 640–43 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of habeas

14  petition with prejudice "for failure to prosecute and failure to comply with a court order").

15         In addition, pursuant to the Court's Local Rules, this Court has the authority to impose

16  any appropriate sanction to curtail abusive litigation tactics.  E.D. Cal. L.R. 110 ("Failure of

17  counsel or of a party to comply with these Rules or with any order of the Court may be grounds

18  for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

19  inherent power of the Court."); *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to

20  follow a district court's local rules is a proper ground for dismissal"); *Delange v. Dutra Constr.*

21  *Co.*, 183 F.3d 916, 919 n. 2 (9th Cir.1999) (per curiam) (district courts enjoy "broad discretion in

22  interpreting and applying their local rules").  Individuals proceeding *in propria persona* are

23  bound by the Court's Local Rules just the same as licensed attorneys.  *See* E.D. Cal. L.R. 183

24  ("Any individual representing himself or herself without an attorney is bound by the Federal

25  Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations

26  placed on 'counsel' by these Rules apply to individuals appearing *in propria persona*.").

27  ─────────────

28  [4]Plaintiff filed affidavits as "evidence," but it is unclear whether they are intended to support his opposition to summary judgment or as evidence for use at trial. (*See* ECF Nos. 179, 182, 183.)  Plaintiff also filed a motion for relief, which has no bearing on these findings and recommendations.  (*See* Doc. 184.)

1

2   Federal courts have the inherent authority to sanction conduct abusive of the judicial

3   process. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991).  Federal district courts have the

4   "inherent authority to sanction parties appearing before [them] for acting in bad faith,

5   vexatiously, wantonly, or for oppressive reasons."  *Sassower v. Field*, 973 F.2d 75, 81–82 (2d

6   Cir. 1992). To award sanctions under the Court's inherent powers, the Court must make an

7   explicit finding of bad faith or conduct tantamount to bad faith.  *Fink* 239 F.3d at 994. Whether

8   termed "willful misconduct" or conduct "tantamount to bad faith," such sanctionable conduct is

9   "something more egregious than mere negligence or recklessness."  *In re Lehtinen*, 564 F.3d

10  1052, 1058 (9th Cir. 2009) (quoting *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003)).  Upon a

11  finding of bad faith, courts can levy an assortment of sanctions under their inherent power,

12  including monetary awards, attorneys' fees, adverse inference jury instructions, and even

13  dismissal of claims.  *Apple, Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1135 (N.D. Cal.

14  2012) (collecting cases), *modified*, 888 F. Supp. 2d 976, 1000 (N.D. Cal. 2012).  One available

15  sanction is dismissal with prejudice of a plaintiff's claims.  *Chambers,* 501 U.S. at 44–45 (citing

16  *Link*, 370 U.S. at 630–31).  District courts may exercise this power *sua sponte*.  *Id.*

17       The Court has provided Plaintiff repeated warnings, including a final warning, to cease

18  filing motions that do not comply with Local Rules and court orders, including motions to

19  appoint counsel, motions to consolidate, submissions related to summary judgment, and

20  discovery motions.  Plaintiff's notices indicated that he received the Court's order of February

21  3, 2022; he understood the order; and he would comply with the order.  Yet, he has filed

22  additional motions that are repetitive of previously failed motions, which seek relief he has been

23  told will not be granted.  Plaintiff refuses to comply with the orders of the Court and insists on

24  wasting judicial resources despite stern warnings from the Court.  The Court finds Plaintiff has

25  acted in bad faith.

26       **C.      Consideration of Factors Warranting Dismissal**

27       In exercising Rule 41(b), Local Rule powers, and the Court's inherent authority, the

28  Court recommends the dismissal of this action.  In considering whether to dismiss an action for

failure to comply with a court order, the Court must weigh five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *See Pagtalunan*, 291 F.3d at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Pagtalunan*, 291 F.3d at 642.  Here, Plaintiff's duplicative, meritless, and excessive pleadings have delayed proceedings.

The Court's need to manage is docket also weighs in favor of dismissal.  The second factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket."  *See Ferdik*, 963 F.2d at 1261 ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik.").

As detailed throughout this Order and as reflected in the docket of the case, the Court has devoted inordinate amounts of time dealing with Plaintiff's repeated, noncompliant orders. Because of Plaintiff's conduct, the Court is required to devote substantial time to reviewing the totality of the case and assessing whether dismissal is appropriate.  Plaintiff's conduct has also diverted the Court from the voluminous number of other cases pending that are competing for its limited resources.  Thus, the factor of the Court's need to manage its docket weighs strongly in favor of dismissal.

The third factor—prejudice to the Defendants—also favors dismissal.  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting *Adriana Int'l Corp. v. Thoerren*, 913 F.2d 1406, 1412 (9th Cir.1990)).  Plaintiff's conduct prejudices Defendants, especially in light of the Court's inability to rule on their pending motion for summary judgment.

The fourth factor—less drastic alternatives—also weighs in favor of dismissal.  Less

8

drastic alternatives to dismissal include, *inter alia*, a warning to a party that dismissal could result from failure to obey a court order.  *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987).  The Court considered lesser sanctions, but no lesser sanction is warranted.  Monetary sanctions are worthless because money cannot rectify or moderate Plaintiff's conduct.  Plaintiff is proceeding *in forma pauperis* in this case and has shown little willingness to abide by court orders.  Evidentiary sanctions would not correct the conduct because they would not halt Plaintiff from attempting to multiply proceedings or force him to comply with court orders and rules of procedure.  The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  Furthermore, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  *Ferdik,* 963 F.2d at 1262.  As explained above, Plaintiff was adequately warned that his case would be dismissed if he continued to defy court orders.

The fifth factor—the public policy favoring the disposition of cases on their merits—ordinarily weighs against dismissal.  *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).  However, as explained above, in this case, Plaintiff has now repeatedly disregarded the Court's orders and local rules.  This factor weighs only slightly against dismissal.

In sum, the five-factor analysis supports a recommendation for dismissal of this case.

**D.       Prior Warnings were Given in Clear and Explicit Terms**

Before ordering a terminating sanction, a court must warn the offending parties and try other sanctions first.  For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir.1988).  As explained above, Plaintiff has been repeatedly and adequately warned that his conduct risked dismissal of his case.

///

1

### III.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE** for failure to comply with the Local Rules and court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 13, 2022**                      /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE